Stephanie R. Tatar (237792)
TATAR LAW FIRM, APC
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695

*Attorney for Plaintiff*
*Joseph Lance Wheeler*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LANCE WHEELER<br><br>Plaintiff,<br><br>vs.<br><br>TRANS UNION RENTAL SCREENING SOLUTIONS, INC. and APARTMENT OWNERS ASSOCIATION OF CALIFORNIA, INC.<br><br>Defendants. | Civil Action No.   2:15-cv-3438<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1.   This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended* and the California Consumer Credit Reporting Agencies Act ("CCRAA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Joseph Lance Wheeler is an adult individual who resides in San Diego, CA.

5. Defendant Trans Union Rental Screening Solutions, Inc. (hereafter "Trans Union") is a business entity that regularly conducts business in the Central District of California, and which has its headquarters and a principal place of business located at 6420 South Fiddlers Green Circle, Suite 500, Greenwood Village, CO 80111.

6. Defendant Apartment Owners Association Of California, Inc. (hereafter "AOA") is a business entity that regularly conducts business in the Central District of California, and which has its headquarters and a principal place of business located at 6445 Sepulveda Blvd., Suite 300, Van Nuys, CA 91411.

## FACTUAL ALLEGATIONS

7. Defendants obtain public record information from public databases and assemble consumer reports which contain the purported public record history of individuals.

8. Defendants sell these consumer reports to landlords and property management companies wishing to investigate the public record history of potential tenants.

9. Defendants fail to follow reasonable procedures to ensure maximum possible accuracy in preparing consumer reports because they unreasonably use too few personal identifiers (including but not limited complete name, address, social security number and date of birth) to confirm that the public record actually belongs to the consumer.

10. Defendants further fail to follow reasonable procedures to ensure maximum possible accuracy because they fail to employ any heightened procedures for matching public records in connection with consumers who possess a common names, such as Joseph Wheeler, wherein multiple individual throughout the United States will likely possess the same name and date of birth.  Instead, Defendants erroneously match public records to consumers.

11. Defendants engage in the above described contact as a matter of policy and practice despite having knowledge that the above stated procedures will lead to a substantial number of consumers being erroneously associated with public records that do not belong to them.

12. Defendants have been reporting derogatory and inaccurate statements about Plaintiff and Plaintiff's history to third parties ("inaccurate information").

13. The inaccurate information includes, but is not limited to civil judgment from Pennsylvania which is not a public record against Plaintiff, but instead against another person whom Plaintiff does not know and is of no relation to Plaintiff.

14. Defendants, however, have been inaccurately reporting these charges on Plaintiff's consumer report.

15. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that they have disseminated and resold to various persons, both known and unknown.

16. Specifically, in or around January 2015, Plaintiff applied for and was delayed in obtaining an apartment with Swanson Real Estate Solutions.

17. The basis for this delay was the inaccurate information that appears on Plaintiff's consumer report prepared by Defendants sold to Swanson Real Estate Solutions, which was a substantial factor for the delay of Plaintiff's rental application.

18. Defendants reported the above inaccurate information despite having knowledge and/or access to Plaintiff's name, address, social security number and

date of birth, yet negligently, willfully and recklessly placed the civil judgment of another person on his report anyway by following the unreasonable procedures as set forth above.

19. Defendants further reported the above inaccurate information despite having knowledge that Plaintiff did not live in Pennsylvania and has never lived in Pennsylvania.

20. Defendants failed to follow reasonable procedures to assure the maximum possible accuracy of the information they reported about the Plaintiff for the reasons set forth above.

21. Had the Defendants followed such procedures, they would not have reported the above stated civil judgment on Plaintiff's consumer report.

22. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of form of lost rental opportunities, harm to reputation, emotional distress, humiliation and embarrassment.

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

24. At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I - ALL DEFENDANTS
## <u>VIOLATIONS OF THE FCRA</u>

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. At all times pertinent hereto, Defendants were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

27. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

28. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

29. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §1681e(b).

30. The conduct of Defendants were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – ALL DEFENDANTS
## VIOLATIONS OF THE CCRAA

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. Defendants are "consumer reporting agencies" as defined by Cal. Civ. Code § 1785.3(d).

33. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b).

34. The above-mentioned credit reports were "consumer reports" as that term is defined by Cal. Civ. Code § 1785.3(c).

35. Pursuant to Cal. Civ. Code § 1785.31, Defendants are liable for violating the CCRAA by failing to follow reasonable procedures to assure "maximum possible accuracy" of the reports it sold, in violation of Cal. Civ. Code § 1785.14(b).

36. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

37. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

    a.    Actual damages;

    b.    Statutory damages;

    c.    Punitive damages;

    d.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o and Cal. Civ. Code § 1785.31(a); and

    e.    Such other and further relief as may be necessary, just and proper.

| | | |
|---|---|---|
| 1 | Dated:   May 7, 2015 | Respectfully submitted, |
| 2 | | |
| 3 | | _____ |
| 4 | | Stephanie R. Tatar |
| 5 | | Tatar Law Firm, APC |
|   | | 3500 West Olive Avenue |
| 6 | | Suite 300 |
| 7 | | Burbank, CA 91505 |
|   | | Telephone: (323) 744-1146 |
| 8 | | Facsimile: (888) 778-5695 |