| | |
|---|---|
| 1 | SPERTUS, LANDES & UMHOFER, LLP |
| 2 | James W. Spertus (SBN 159825)<br>Ezra D. Landes (SBN 253052) |
| 3 | 1990 South Bundy Dr., Suite 705<br>Los Angeles, California 90025 |
| 4 | Telephone: (310) 826-4700<br>Facsimile:  (310) 826-4711 |
| 5 | jim@spertuslaw.com<br>ezra@spertuslaw.com |
| 6 | |
| 7 | ARNALL GOLDEN GREGORY LLP<br>Jeffrey S. Jacobovitz (DC Bar # 346569) |
| 8 | (*pro hac vice*)<br>1775 Pennsylvania Ave., NW, Ste. 1000 |
| 9 | Washington, DC 20006<br>Telephone: (202) 677-4056 |
| 10 | Facsimile: (202) 677-4057<br>jeffrey.jacobovitz@agg.com |
| 11 | Attorneys for Defendant MicroBilt Corporation |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOSEPH LANCE WHEELER,** | Case No. 2:15-cv-03438-R-E |
| Plaintiff, | Hon. Manuel L. Real |
| v. | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS (FRCP 12(b)(6)) OR, IN THE ALTERNATIVE, TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| **MICROBILT CORPORATION,** *et al.*, | |
| Defendants. | |
| | Date:   December 7, 2015<br>Time:   10:00 a.m.<br>Crtrm:  8 |

1 | TO THE HONORABLE COURT, ALL PARTIES AND THEIR
2 | ATTORNEYS OF RECORD:
3 |     PLEASE TAKE NOTICE THAT on Monday, December 7, 2015, at 10:00
4 | a.m., or as soon thereafter as this matter may be heard in Courtroom 8 of the
5 | above-entitled Court, located at 312 N. Spring Street, Los Angeles, California
6 | 90012, before the Honorable Manuel L. Real, Defendant MicroBilt Corporation
7 | ("MicroBilt") will and hereby does move, pursuant to Federal Rule of Civil
8 | Procedure 12(b)(6), for an order dismissing all counts of Plaintiff Joseph Lance
9 | Wheeler's Amended Complaint (the "Complaint"). [Doc. 8].  This Motion is
10 | made on the grounds that Mr. Wheeler failed to set forth plausible factual
11 | allegations upon which relief may be granted.
12 |     Alternatively, and in addition to the foregoing, MicroBilt moves to stay
13 | this action pending the upcoming decision of the Supreme Court in *Spokeo Inc.*
14 | *v. Robins*, No. 13-1339 (cert. granted Apr. 27, 2015).
15 |     This Motion is based upon this Notice of Motion and Motion, the attached
16 | Memorandum of Points and Authorities, the Court's file in this matter, and such
17 | other oral or documentary evidence presented to the Court or that the Court
18 | deems appropriate.
19 |     This Motion is made following the conference of counsel pursuant to L.R.
20 | 7-3, which took place on October 1, 2015.
21 |
22 | Dated:  October 22, 2015    SPERTUS, LANDES & UMHOFER, LLP
23 |
24 |     By:  /S_____
25 |         James W. Spertus
26 |         Ezra D. Landes
27 |     *Attorneys for Defendant MicroBilt Corporation*
28

1

*DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS (FRCP 12(b)(6))*
*OR, IN THE ALTERNATIVE, TO STAY*

8227457v2

| | |
|---|---|
| 1 | ARNALL GOLDEN GREGORY, LLP |
| 2 | By:   /S_____ |
| 3 |       Jeffrey S. Jacobovitz |
|   |       (*pro hac vice*) |
| 4 | |
| 5 | *Attorney for Defendant MicroBilt Corporation* |

2

*DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS (FRCP 12(b)(6))*
*OR, IN THE ALTERNATIVE, TO STAY*

8227457v2

# **TABLE OF CONTENTS**

I. FACTUAL AND PROCEDURAL HISTORY ........................................1

II. DISCUSSION................................................................................................2

    A. *Motion to Dismiss* ................................................................................2

        1. Legal Standard ....................................................................3

        2. Rule 8 Does Not Permit Mr. Wheeler to "Lump Together" the Alleged Actions of the Defendants .................3

        3. Mr. Wheeler has not Adequately Alleged Actual Harm ........5

    B. *Motion to Stay* ......................................................................................6

        1. This Court has Discretion to Stay Proceedings ......................8

        2. This Action Should be Stayed Pending the Decision in *Spokeo* ................................................................................10

III. CONCLUSION ...........................................................................................13

i

*DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS (FRCP 12(b)(6)) OR, IN THE ALTERNATIVE, TO STAY*

8227457v2

# Table of Authorities

**Cases**

*1st Valley Credit Union v. Bland*, No. 10-cv-1597-GW(MANx), 2010 U.S. Dist. LEXIS 144739 (C.D. Cal. Dec. 20, 2010) ................................................................................... 4

*Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013 (N.D. Cal. 2006) ............................. 3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................... 3, 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................... 3, 6

*Boise v. ACE USA, Inc.*, No. 15-cv-21264, 2015 U.S. Dist. LEXIS 87200 (S.D. Fla. July 6, 2015) ...................................................................................................................................... 12

*CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962) ...................................................................... 9

*Dreher v. Experian Info. Solutions, Inc.,* 3:11-cv-00624-JAG (E.D. Va. Apr. 30, 2015) ......... 12

*Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899 (9th Cir. 1989) ................................... 9

*Gauvin v. Trombadore*, 682 F. Supp. 1067 (N.D. Cal. 1988) ................................................... 4

*Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995) .................................. 5

*Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 U.S. Dist. LEXIS 171736 (N.D. Cal. Dec. 10, 2014) ........................................................................................................................ 10

*Hillson v. Kelly Servs.*, No. 2:15-cv-10803, 2015 U.S. Dist. LEXIS 97958 (D. Minn. July 15, 2015) ...................................................................................................................................... 12

*Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000 (9th Cir. 2011) ........................................ 3

*Joint Stock Soc'y v. UDV N. Am., Inc.*, 266 F. 3d 164 (3d Cir. 2001) ........................................ 8

*Kirchner v. Shred-It USA*, No. 2:14-cv-01437, [Doc. 59] (E.D. Cal. June 18, 2015) ............... 12

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) ............................................................................ 8, 9

*Larson v. Trans Union, LLC*, No. 12-cv-05726-WHO, 2015 U.S. Dist. LEXIS 83459 (N.D. Cal. June 26, 2015) ................................................................................................................. 12

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857 (9th Cir. 1979) ..................................... 9

*Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005) ..................................................... 9, 10

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ................................................................ 7

ii

*DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS (FRCP 12(b)(6)) OR, IN THE ALTERNATIVE, TO STAY*

8227457v2

*Maxwell v. Angel-Etts of Cal.*, No. 99-cv-10516, 2001 U.S. Dist. LEXIS 25418 (C.D. Cal. July 9, 2011) ...........10

*Native Village of Noatak v. Blatchford*, 38 F.3d 1505 (9th Cir. 1994) ...........11

*Ortega v. J.B. Hunt Transp., Inc.*, 258 F.R.D. 361 (C.D. Cal. May 15, 2009) ...........13

*Papasan v. Allain*, 478 U.S. 265 (1986) ...........7

*Provo v. Rady Children's Hosp. San Diego*, No. 15-cv-0081, 2015 U.S. Dist. LEXIS 100491 (S.D. Cal. July 29, 2015) ...........11

*Ramirez v. Trans Union, LLC*, No. 12-cv-00632-JSC, 2015 U.S. Dist. LEXIS 80692 (N.D. Cal. June 22, 2015) ...........12

*Rex v. Chase Home Fin. LLC*, 905 F. Supp. 2d 1111 (C.D. Cal. 2009) ...........6

*Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014) ...........7, 8, 11

*Screen Capital Int'l Corp v. Library Asset Acquisition Co.*, 510 B.R. 248 (Bankr. C.D. Cal. 2014) ...........4

*Speer v. WholeFood Mkt. Grp., Inc.*, No. 8:14-CV-3035-T-26TBM, 2015 WL 2061665 (M.D. Fla. Apr. 29, 2015) ...........12

*Spokeo, Inc. v. Robins*, No. 13-1339 (U.S. Apr. 27, 2015) ...........passim

*Stone v. Sterling Infosystems, Inc.*, No. 2:15-cv-00711-MCE-DAD, 2015 U.S. Dist. LEXIS 99161 (E.D. Cal. July 28, 2015) ...........11

*Summers v. Earth Island Inst.*, 555 U.S. 488 (2009) ...........7

*Syed v. M-I, LLC*, No. 1:14-cv-00742-WBS, [Doc. 69] (E.D. Cal. May 29, 2015) ...........12

*Topanga Press, Inc. v. Los Angeles*, 409 F. Supp. 2d 1188 (C.D. Cal. 2005) ...........11

*Trujillo v. First American Registry, Inc.*, 157 Cal. App. 4th 628 (2008) ...........6

*UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006 (9th Cir. 2013) ...........3

*Williams v. Cnty. of L.A. Dep't of Pub. Soc. Servs.*, No. CV 14-7625 JVS (JC), 2015 U.S. Dist. LEXIS 127842 (C.D. Cal. Aug. 26, 2015) ...........4

*Williams v. Elephant Ins. Co.*, No. 1:15-cv-00119, 2015 U.S. Dist. LEXIS 78051 (E.D. Va. May 27, 2015) ...........12

*Yost v. Nationstar Mortg.*, LLC, Case No. 1:13-cv-00745, 2013 U.S. Dist. LEXIS 128504, *7 (E.D. Cal. Sept. 6, 2013) .................................................................................................3, 4

**Statutes**

15 U.S.C. § 1681e(b) ...............................................................................................1, 2, 6, 10

15 U.S.C. § 1681n...............................................................................................................6, 7

15 U.S.C. § 1681o....................................................................................................................6

Cal. Civ. Code § 1785.14(b) ................................................................................................1, 2, 6

Cal. Civ. Code § 1785.31 ........................................................................................................2, 6

**Rules**

Fed. R. Civ. P. 12(b)(6)...........................................................................................................2

Fed. R. Civ. P. 8(a)(2).........................................................................................................3, 4

*DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS (FRCP 12(b)(6)) OR, IN THE ALTERNATIVE, TO STAY*

8227457v2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL AND PROCEDURAL HISTORY

In the Amended Complaint, Joseph Wheeler broadly alleges that, in or around January 2015, he applied for an apartment with Swanson Real Estate Solutions. [Doc. 8, ¶ 16] (hereinafter the "Amended Complaint"). Swanson Real Estate Solutions allegedly procured a consumer report from Defendants.[1] *Id.*, ¶ 17. The consumer report prepared by Defendants allegedly contained the public record of a civil judgment from the state of Pennsylvania. *Id.*, ¶ 13. Mr. Wheeler contends that this record relates to another individual. *Id.*

As a result of this allegedly inaccurate information, Mr. Wheeler contends that he was *delayed* (not denied) in obtaining an apartment. *Id.*, ¶¶ 16-17. In the Amended Complaint, Mr. Wheeler argues that, had Defendants followed reasonable procedures to assure maximum possible accuracy as required by 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), the allegedly inaccurate information would not have been included in the consumer report. *Id.*, at ¶ 20. Mr. Wheeler claims that he sustained "actual damages in the form of . . . lost rental opportunities, harm to reputation, emotional distress, humiliation, and embarrassment." *Id*. at ¶ 22. In this action, he claims that he is entitled to recover from Defendants for the "serious injuries, actual damages, and harm to the Plaintiff" outlined above. *Id.*, at ¶¶ 30, 36.

On May 7, 2015, Mr. Wheeler filed a Complaint against Trans Union Rental Screening Solutions, Inc. ("Trans Union") and Apartment Owners Association of California, Inc. ("AOA"), and dropping Trans Union, filed an Amended Complaint on June 19, 2015 against MicroBilt Corporation

---

[1] At no time in the Amended Complaint does Mr. Wheeler allege that either Defendant took any action in particular; rather, all allegations contained therein are asserted as against "Defendants."

("MicroBilt") and AOA (collectively the "Defendants"). [Docs. 1, 8]. In the Amended Complaint, Mr. Wheeler asserts that the Defendants willfully and negligently failed to comply with the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, at § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy. Amended Compl. ¶ 29. Mr. Wheeler suggests that Defendants unreasonably used too few identifiers to confirm that the public record in question here actually belonged to Mr. Wheeler; and more generally, that Defendants unreasonably fail to employ heightened procedures when matching public records with consumers who possess common names. *Id.*, ¶¶ 8-9. Arising from the same conduct, Mr. Wheeler asserts that Defendants are also liable under California's Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785, *et seq.*, at § 1785.31, for failing to follow reasonable procedures to assure maximum possible accuracy in violation of Cal. Civ. Code § 1785.14(b). *Id.*, ¶ 35.

MicroBilt now submits this motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) and to stay this action pending the Supreme Court's decision in *Spokeo*.

## II.    DISCUSSION

### A.    MOTION TO DISMISS

In this case, Mr. Wheeler makes broad, general allegations asserting that "Defendants" violated the FCRA and CCRAA by failing to implement reasonable procedures to assure maximum possible accuracy of the information contained in the consumer report prepared with respect to Mr. Wheeler. However, Mr. Wheeler never provides a single factual allegation as to what either Defendant actually did, separate and apart from the other Defendant. Moreover, Mr. Wheeler provides sweeping contradictory and conclusory allegations to support his request for an award of actual damages. The Amended

Complaint should therefore be dismissed for failure to state a claim upon which relief may be granted.

### 1. *Legal Standard*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1010-11 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[D]ismissal under Rule 12(b)(6) 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *Id.* (quoting *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013)).

### 2. *Rule 8 Does Not Permit Mr. Wheeler to "Lump Together" the Alleged Actions of the Defendants*

Each and every one of Mr. Wheeler's non-jurisdictional allegations against MicroBilt and AOA are alleged jointly against "Defendants," rather than specifying the specific roles of either MicroBilt or AOA in the misconduct alleged in the Amended Complaint. In fact, the word "MicroBilt" appears in only one paragraph, which contains jurisdictional allegations. As a result, Mr. Wheeler's "allegations are insufficient in that they are ascribed to Defendants collectively." *Yost v. Nationstar Mortg.*, LLC, Case No. 1:13-cv-00745, 2013 U.S. Dist. LEXIS 128504, *7 (E.D. Cal. Sept. 6, 2013) (citing *Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1020 (N.D. Cal. 2006)).

"A plaintiff suing multiple defendants 'must allege the basis of his claim against *each* defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which

3

*DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS (FRCP 12(b)(6)) OR, IN THE ALTERNATIVE, TO STAY*

8227457v2

requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them.'" *Id.* (quoting *Gauvin v. Trombadore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988)) (emphasis original); *Screen Capital Int'l Corp v. Library Asset Acquisition Co.*, 510 B.R. 248, 255 (Bankr. C.D. Cal. 2014) ("The pleading requirements of Rule[] 8 . . . must be met as to each defendant." (citing *Yost*, 2013 U.S. Dist. LEXIS 128504)). As this Court has previously noted, *Iqbal* makes clear that the "plausibility requirement enunciated by *Twombly* is to be applied on a defendant-by-defendant basis." *1st Valley Credit Union v. Bland*, No. 10-cv-1597-GW(MANx), 2010 U.S. Dist. LEXIS 144739, at *39 (C.D. Cal. Dec. 20, 2010). *See Williams v. Cnty. of L.A. Dep't of Pub. Soc. Servs.*, No. CV 14-7625 JVS (JC), 2015 U.S. Dist. LEXIS 127842, at *12-13 (C.D. Cal. Aug. 26, 2015) (dismissing complaint in part because it "assert[ed] mostly a mishmash of conclusory legal and factual assertions against all of the defendants lumped together as an indistinguishable group").

     Mr. Wheeler's entire complaint consists of a series of allegations leveled collectively against "Defendants." *See,* Amended Compl. at, *e.g.*, ¶ 10 ("*Defendants* erroneously match public records to consumers"); ¶ 14 ("*Defendants* . . . have been inaccurately reporting these charges on Plaintiff's consumer report"); ¶ 20 ("*Defendants* failed to follow reasonable procedures . . ."); ¶ 22 ("As a result of *Defendants'* conduct . . ."). Mr. Wheeler has not attempted to distinguish between the roles of Defendants in the alleged wrongful acts set forth in the Amended Complaint. In fact, there are no non-jurisdictional, factual allegations made against either MicroBilt or AOA individually. As such, Mr. Wheeler has not "alleged the basis of his claim against *each* defendant," *Gauvin*, 682 F. Supp. at 1071 (emphasis added), as required by Rule 8(a)(2) and the Amended Complaint must be dismissed.

### 3. Mr. Wheeler has not Adequately Alleged Actual Harm

In this action, Mr. Wheeler has not pleaded *facts* as to any alleged injury arising from an FCRA or CCRAA violation. Mr. Wheeler only states that, "[a]s a result of Defendants' conduct," he suffered "actual damages" including some vaguely-described "lost rental opportunities, harm to reputation, emotional distress, humiliation and embarrassment." Amended Compl. ¶ 22. Thus, the sole factual allegation Mr. Wheeler presents to support his assertion that he suffered actual damages as a result of the "Defendants'" actions, constitutes nothing more than a conclusory statement as to Mr. Wheeler's alleged actual damages and is of course wholly insufficient. *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Here, Mr. Wheeler has not alleged any facts to demonstrate that he suffered any particular injury resulting from a purported FCRA violation, and the Amended Complaint is internally contradictory. For example, Mr. Wheeler seeks to recover for "lost rental opportunities," yet he alleges only that his rental application with Swanson Real Estate Solutions was "delayed," but not denied. Amended Compl. at ¶ 16. As such, he cannot plausibly claim that he suffered any actual harm in the form of "lost rental opportunities" *because he "lost" nothing*.

Similarly, Mr. Wheeler's pro forma allegations of "harm to reputation, emotional distress, humiliation and embarrassment" contain absolutely no factual content to support a claim for actual damages. For example, in *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995), the Plaintiff "claimed damages for 1) fees collected by Trans Union for disclosure of source information, 2) lost opportunities, i.e. she had been deterred from applying for credit during the months pending resolution of this matter, and 3) emotional distress, manifested by sleeplessness, nervousness, frustration, and mental

5

anguish resulting from the incorrect information in her credit report." The damages allegations permitted in *Guimond* go well beyond the cursory and conclusory damages alleged in the Amended Complaint in this case and therefore Mr. Wheeler's claims for actual damages under both the FCRA and CCRAA should be dismissed.

### B.   MOTION TO STAY

In his Amended Complaint, Mr. Wheeler alleges that, pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, MicroBilt is liable for "willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency," *see* Amended Compl. ¶ 29; and asserts nearly identical allegation under California law, pursuant to Cal. Civ. Code § 1785.31. Amended Compl. ¶ 35.  Mr. Wheeler claims, under Section 1681e(b) of the FCRA and Section 1785.14(b) of the CCRAA, that MicroBilt allegedly failed to follow reasonable procedures to assure maximum possible accuracy when reporting information concerning Mr. Wheeler in a consumer report.  Mr. Wheeler requests actual, statutory, and punitive damages, among other relief.

In short, Mr. Wheeler's standing in this case is based on a bare allegation of a statutory violation.  Although Mr. Wheeler seeks both actual and statutory damages, among other relief, he offers nothing more than conclusory recitations that he has been damaged as a result of MicroBilt's alleged failure, as discussed in more detail above.  With respect to actual damages, Mr. Wheeler does not allege any facts sufficient to raise a right of relief beyond the speculative level, as discussed *supra*. *Rex v. Chase Home Fin. LLC*, 905 F. Supp. 2d 1111, 1123 (C.D. Cal. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Trujillo v. First American Registry, Inc.*, 157 Cal. App. 4th 628, 637-38 (2008) (requiring a showing of "actual damages" suffered as a result of a CCRAA violation).  Instead, Mr. Wheeler has provided mere "labels and

6

conclusions[,]" which are not sufficient. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Similarly, with respect to statutory damages, Mr. Wheeler has not made any separate or sufficient factual allegations to support his allegations of harm resulting from the alleged statutory violations. *See Spokeo, Inc. v. Robins*, No. 13-1339 (U.S. Apr. 27, 2015) (*cert granted*). Pending a decision in *Spokeo, Inc.*, this bare technical allegation of a statutory violation, without proof of actual harm, may also preclude statutory standing under the FCRA, and would raise serious questions about, if not entirely nullify, the basis for this action.

During the October Term 2015, the Supreme Court will address whether a consumer must suffer actual harm to recover statutory damages under 15 U.S.C. § 1681n. Specifically, in *Spokeo*, the Supreme Court will address the following question: "Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Question Presented, *Spokeo, Inc. v. Robins*, No. 13-1339 (U.S. Apr. 27, 2015), http://www.supremecourt.gov/qp/13-01339qp.pdf. The Constitution limits the power of Congress to confer Article 3 standing, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), and the extent of these limits will be addressed in *Spokeo*. *See also Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009) ("[T]he requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute.").

On April 27, 2015, the Supreme Court granted writ of certiorari to examine the validity of the Ninth Circuit's analysis in *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014), in which the Court held that a plaintiff need not plead actual harm to pursue a claim for statutory damages under the FCRA. The decision to grant certiorari in *Spokeo* suggests that the Supreme Court has concerns about the standing of persons who were not affected in a practical way

7

by the particular challenged practice.  Furthermore, the Supreme Court likely recognized that the Circuits are sufficiently divided on who has standing to seek relief under a federal statute.  *Compare Id.* at 412 *with Joint Stock Soc'y v. UDV N. Am., Inc.*, 266 F. 3d 164, 176 (3d Cir. 2001) (holding that plaintiffs lacked standing because they suffered no "injury in fact" resulting from the alleged violation).

A decision in *Spokeo* will likely be rendered before the end of June, 2016. On September 9, 2015, the Supreme Court announced that Oral Argument in *Spokeo* will take place on November 2, 2015.  *See* Docket Report, *Spokeo v. Robins*, No. 13-1339 (U.S.), available at http://www.supremecourt.gov/search.aspx?filename=/docketfiles/13-1339.htm. Given the expected impact of *Spokeo* on Mr. Wheeler's FCRA claim, the present litigation should be stayed so this Court has the benefit of the Supreme Court's most up-to-date views on whether Mr. Wheeler's claims of statutory violation without pleading cognizable actual harm can even be made—and before potentially unnecessary expense is incurred by the parties and the Court bears the unnecessary expenditure of judicial resources. Many federal courts have stayed almost identical cases pending resolution of *Spokeo.* Accordingly, MicroBilt respectfully, and alternatively, moves this Court to stay this proceeding pending the Supreme Court's decision in *Spokeo*.

        *1.*     *This Court has Discretion to Stay Proceedings*

Under the proper circumstances, including those present in this case, a court may stay an action pending the outcome of another proceeding. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Whether to stay a proceeding is entrusted to the discretion of

8

*DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS (FRCP 12(b)(6)) OR, IN THE ALTERNATIVE, TO STAY*

8227457v2

the district court.  *Id.* at 254-55; *see also Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989).  "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).   Stays may be required in cases with similar facts or issues of law, even when the pending cause "may not settle every question of fact in [the current suit], but in all likelihood . . . will settle many and simplify them all."  *Landis v. N. Am. Co*, 299 U.S. at 256.  This rule "does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva*, at 863-64.  The question presented in *Spokeo* is relevant to the present case and should invoke the Court's discretion to stay proceedings for proper adjudication.

    The Ninth Circuit has recognized a number of competing interests a court must consider in determining whether to stay proceedings pending the resolution of another appeal.  In determining whether to grant a stay, the Court should consider the following: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  As explained below, each factor weighs heavily in favor of staying the action pending the Supreme Court's decision in *Spokeo*.

//
//
//

9

*DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS (FRCP 12(b)(6)) OR, IN THE ALTERNATIVE, TO STAY*

8227457v2

### 2. *This Action Should be Stayed Pending the Decision in Spokeo*

####      i.   Plaintiff Will Not Suffer Any Prejudice from a Stay

The Supreme Court is likely to issue a decision in the *Spokeo* case within the year, which makes the length of this requested stay predictable and not excessive. With oral arguments already scheduled for November 2, 2015, and based on the Supreme Court's customary practice, a decision is likely expected before the end of June, 2016. *See* Docket Report, *Spokeo v. Robins*, No. 13-1339 (U.S.), available at http://www.supremecourt.gov/search.aspx?filename=/docketfiles/13-1339.htm.

A delay in this action until the Supreme Court decides an issue relevant to the adjudication of this matter will not prejudice Plaintiff. Since only monetary relief is at issue, the relatively short delay expected here does not justify denying a stay. Moreover, this matter is in early stages of litigation, discovery has not yet commenced, no depositions have been taken, and no trial has been set. Plaintiff cannot justify denying a stay of this action on the ground that it will delay a potential monetary recovery. *See Lockyer*, 398 F.3d at 1110; *see also Maxwell v. Angel-Etts of Cal.*, No. 99-cv-10516, 2001 U.S. Dist. LEXIS 25418, *80 (C.D. Cal. July 9, 2011); *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 U.S. Dist. LEXIS 171736, *7 (N.D. Cal. Dec. 10, 2014).

####      ii.   The Parties will Suffer Harm if a Stay is Denied

Both MicroBilt and Plaintiff will be harmed unless the Court grants a stay. If MicroBilt's motion to stay is denied while *Spokeo* is pending, the parties will expend, and potentially waste, significant time and resources conducting discovery and preparing for trial, when the Supreme Court's pending decision in *Spokeo* may materially alter the very nature of at least one of Plaintiff's claims.

As previously explained, Plaintiff alleges that MicroBilt violated Section 1681e(b) of the FCRA, for failing to "follow reasonable procedures to assure

maximum possible accuracy" with respect to Plaintiff's consumer report.  15 U.S.C. § 1681e(b).  Plaintiff seeks relief, in a formulaic recitation, for all potential damages available under the FCRA.  *See* Amended Complaint at p. 6.  Plaintiff does not provide any factual basis to suggest he suffered concrete harm or otherwise incurred actual damages, as discussed *supra*, to demonstrate a right to recover on anything other than a bare alleged statutory violation.  The question at issue in *Spokeo* bears directly on the issue we raise here, with respect to the lack of actual harm articulated in Plaintiff's complaint as it relates to statutory violations.

While *Robins* was decided at the motion to dismiss stage, the issue on appeal to the Supreme Court is not merely a pleading standard question, as demonstrated by both the Ninth Circuit's opinion and the question presented to the Supreme Court.  *See Robins*, 742 F.3d at 413 ("The issue before us is whether violations of statutory rights created by the FCRA are 'concrete, de facto injuries,' that Congress can [elevate to the status of legally cognizable injuries]."); Question Presented, *Spokeo, Inc. v. Robins*, No. 13-1339 (U.S. Apr. 27, 2015), http://www.supremecourt.gov/qp/13-01339qp.pdf.  This concept applies at any stage of a proceeding, as standing must exist on the date the complaint is filed and at all times throughout the litigation.  *Topanga Press, Inc. v. Los Angeles*, 409 F. Supp. 2d 1188, 1191 (C.D. Cal. 2005) (citing *Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1509 (9th Cir. 1994)).  Accordingly, even in the unlikely event that the Amended Complaint survives MicroBilt's motion to dismiss, this issue will undoubtedly be raised later in this proceeding.

Numerous other courts have stayed cases pending the decision in *Spokeo*.  *See, e.g.*, *Stone v. Sterling Infosystems, Inc.*, No. 2:15-cv-00711-MCE-DAD, 2015 U.S. Dist. LEXIS 99161, at *7 (E.D. Cal. July 28, 2015); *Provo v. Rady*

11

*DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS (FRCP 12(b)(6)) OR, IN THE ALTERNATIVE, TO STAY*


*Children's Hosp. San Diego*, No. 15-cv-0081, 2015 U.S. Dist. LEXIS 100491, *3-5 (S.D. Cal. July 29, 2015); *Larson v. Trans Union, LLC*, No. 12-cv-05726-WHO, 2015 U.S. Dist. LEXIS 83459, at *23-25 (N.D. Cal. June 26, 2015); *Ramirez v. Trans Union, LLC*, No. 12-cv-00632-JSC, 2015 U.S. Dist. LEXIS 80692, at *3-4  (N.D. Cal. June 22, 2015); *Kirchner v. Shred-It USA*, No. 2:14-cv-01437, [Doc. 59] (E.D. Cal. June 18, 2015); *Syed v. M-I, LLC*, No. 1:14-cv-00742-WBS, [Doc. 69] (E.D. Cal. May 29, 2015) (stipulated by parties); *Hillson v. Kelly Servs.*, No. 2:15-cv-10803, 2015 U.S. Dist. LEXIS 97958, *1-2 (D. Minn. July 15, 2015); *Boise v. ACE USA, Inc.*, No. 15-cv-21264, 2015 U.S. Dist. LEXIS 87200, at *15-16 (S.D. Fla. July 6, 2015); *also Williams v. Elephant Ins. Co.*, No. 1:15-cv-00119, 2015 U.S. Dist. LEXIS 78051, *1-2 (E.D. Va. May 27, 2015) (granting stay pending decision in *Spokeo* and another case "[f]or the reasons stated in open court on May 22, 2015").[2]  This Court should follow the direction of these other courts—including particularly the other District Courts in California—and enter the requested stay.

       iii. A Stay Will Promote the Orderly Course of Justice

If the Supreme Court in *Spokeo* holds that proof of actual harm is necessary to recover statutory damages under the FCRA, Plaintiff is unlikely to have a claim for statutory damages, and this Court will have one less issue to resolve, less discovery will be required, and the parties will not need to expend

---

[2] Cases denying stays in similar circumstances are not persuasive, as they did not address similar factors as those specified by the Ninth Circuit. *See Dreher v. Experian Info. Solutions, Inc.,* 3:11-cv-00624-JAG (E.D. Va. Apr. 30, 2015) (denying motion to stay by simply writing on the defendant's motion papers, without any explanation, "Denied"); *Speer v. WholeFood Mkt. Grp., Inc.*, No. 8:14-CV-3035-T-26TBM, 2015 WL 2061665, at *1 (M.D. Fla. Apr. 29, 2015) (denying motion to stay on grounds that the Court is unable to predict how the Supreme Court will rule).

12
*DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS (FRCP 12(b)(6)) OR, IN THE ALTERNATIVE, TO STAY*

8227457v2

time and resources litigating that issue. Furthermore, based on the lack of any cognizable "actual damages" in Plaintiff's amended complaint, if the Court dismisses the remaining claims in this case, a decision in *Spokeo* requiring a showing of actual harm, may resolve all remaining issues in this action. *Ortega v. J.B. Hunt Transp., Inc.*, 258 F.R.D. 361, 371, 375 (C.D. Cal. May 15, 2009) (finding that a stay would promote the orderly course of justice because a decision by the California Supreme Court "will have a significant impact on the course of this litigation").

### III.   CONCLUSION

Based on the foregoing, MicroBilt requests that this action be dismissed, or in the alternative, be stayed pending a decision by the Supreme Court in *Spokeo*.

Dated:  October 22, 2015          SPERTUS, LANDES & UMHOFER, LLP

By:   /S_____
      James W. Spertus
      Ezra D. Landes
      *Attorneys for Defendant MicroBilt Corporation*


ARNALL GOLDEN GREGORY LLP

By:   /S_____
      Jeffrey S. Jacobovitz
      (*pro hac vice*)
      *Attorney for Defendant MicroBilt Corporation*

---

13

*DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS (FRCP 12(b)(6)) OR, IN THE ALTERNATIVE, TO STAY*

8227457v2